CO-BB Devonshire Venture, LLC, Respondent,
against
Tyrone Smith, Appellant, et al., Undertenants.




Tyrone Smith, appellant pro se.
Farr & Bass, Esqs., for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Fifth District (Vincent J. Martorana, J.), dated May 18, 2017. The order denied tenant's motion to modify a stipulation of settlement and to restore the matter to the trial calendar in a nonpayment summary proceeding.




ORDERED that the order is reversed, without costs, and the matter is remitted to the District Court for a new determination of tenant's motion to modify the stipulation of settlement and to restore the matter to the trial calendar in accordance with this decision and order. 
In this nonpayment proceeding, the parties entered into a stipulation of settlement in which tenant consented to the entry of a final judgment of possession and a monetary award in the sum of $2,890. Execution of the warrant was stayed on condition that tenant make certain specified bi-weekly payments. Landlord's attorney subsequently filed an affirmation of noncompliance, alleging that tenant had failed to make the required payments and, thus, that landlord was entitled to the immediate entry of a final judgment of possession and a monetary award for the unpaid balance. A final judgment was subsequently entered, awarding landlord possession and the sum of $2,166.75, and ordering the issuance of a warrant of eviction, to be executed without a stay. Tenant thereafter moved by order to show cause to modify the stipulation of settlement and to "set[ ] the matter down for trial." Upon signing the order to show cause, the District Court ordered that the execution of the warrant be stayed on condition that [*2]tenant deposit the sum of $5,190 with landlord's attorney in certified funds. Thereafter, by order dated May 18, 2017, the District Court, without reaching the substantive merits of the motion, denied tenant's motion based on tenant's failure to have made the required deposit. Tenant appeals from the May 18, 2017 order, and we reverse. 
As the right to be heard on the merits of his motion could not properly be conditioned on tenant's making a court-ordered deposit, it was error for the District Court to deny tenant's motion based on his failure to make the deposit (see Parkview Equities, LLC v Coughlin, 42 Misc 3d 138[A], 2014 NY Slip Op 50164[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; Zabolotny v Andersen, 19 Misc 3d 128[A], 2008 NY Slip Op 50517[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; see also Stepping Stones Assoc. v Seymour, 184 Misc 2d 990 [App Term, 2d Dept, 9th & 10th Jud Dists 2000]). 
Accordingly, the order is reversed and the matter is remitted to the District Court for a determination of the merits of tenant's motion. 
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2018